IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lorraine Nimmons, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 1861 |
| Palisades Collection, LLC, a Delaware limited liability company, ALW Sourcing, LLC, a Maryland limited liability Company, and The Northland Group, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lorraine Nimmons, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Lorraine Nimmons ("Nimmons"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a First USA credit card, which was then allegedly owed to a bad debt buyer, Palisades

Collection, LLC. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, ALW Sourcing, LLC ("ALW"), is a Maryland limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ALW collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Defendant, The Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Northland collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Defendants Palisades, ALW and Northland are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Moreover, Defendants Palisades, ALW and Northland are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all Defendants act as debt collectors in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Nimmons is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a First USA credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Ms. Nimmons' First USA debt. When Defendant Palisades began trying to collect this debt from her, by having two other debt collectors -- NCO Financial Systems, Inc., ("NCO") and Mullooly, Jeffrey, Rooney & Flynn LLP ("Mullooly") -- attempt to collect the First USA/Palisades debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Accordingly, on September 23, 2009, one of Ms. Nimmons' attorneys at LASPD informed Defendant Palisades, in writing, through its agent, NCO, and again on October 29, 2009, through its agent Mullooly, that Ms. Nimmons was represented by counsel, and directed Defendant Palisades to cease contacting her, and to cease all further collection activities because Ms. Nimmons was forced, by her financial

circumstances, to refuse to pay her unsecured debt. Copies of these letters are attached as Group Exhibit C.

12. Undeterred, Defendant Palisades then had Defendant ALW send Ms. Nimmons a collection letter, dated September 9, 2010, which demanded payment of the First USA/Palisades debt. A copy of this collection letter is attached as Exhibit D.

13. Accordingly, on November 1, 2010, Ms. Nimmons' attorneys at LASPD had to inform Defendants Palisades and ALW again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

14. In utter disregard of Ms. Nimmons' representation by counsel, Defendant Palisades then had Defendant Northland send Ms. Nimmons a collection letter, dated February 3, 2011, which demanded payment of the First USA/Palisades debt. A copy of this collection letter is attached as Exhibit F.

15. Accordingly, on March 2, 2011, Ms. Nimmons' attorneys at LASPD had to inform Defendants Palisades and Northland again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit G.

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18.    Plaintiff adopts and realleges ¶¶ 1-17.

19.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20.    Here, the letters from Ms. Nimmons' agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21.    Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22.    Plaintiff adopts and realleges ¶¶ 1-17.

23.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.    Defendants knew, or readily could have known, that Ms. Nimmons was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Nimmons was represented by counsel,

and had demanded a cessation of communications with Ms. Nimmons. By directly sending Ms. Nimmons collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lorraine Nimmons, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Nimmons, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lorraine Nimmons, demands trial by jury.

Lorraine Nimmons,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 17, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com